IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DERWIN JONES #383247,

       Petitioner,            ORDER

  v.                    08-cv-294-bbc

RICK RAEMISCH, Secretary Dept of
Corrections, SCOTT HOFTIEZER and
WISCONSIN DEPT OF CORRECTIONS
MEDICAL DIRECTOR (Name Unknown),

       Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  In an order entered in this case on June 6, 2008, I granted petitioner's request for an extension of time and gave him until July 4, 2008, in which to make his $16.47 initial partial payment. In the same order, I addressed petitioner's concerns that the prison business office had refused to take his initial partial payment from his release account and I told him that if sufficient funds do not exist in his regular account, he should be allowed to use his release account to pay all or a part of the assessed amount. Now, petitioner has filed a letter dated June 19, 2008, that I construe as a motion for a court order directing prison officials to comply with the June 6 order.

  In his motion, petitioner says that he cannot meet the July 4 deadline for submitting

his initial partial payment because "prison officials ha[ve] not honor[ed] your order to let me use my release account . . . ." Petitioner is entitled to use funds from his release account to pay his initial partial payment but not if sufficient funds exist in petitioner's regular account or if petitioner has no money in his release account. Unfortunately, petitioner has not provided updated statements for either his regular or release accounts to verify where, if anywhere, sufficient funds exist. (The statement petitioner submitted at the time he filed the complaint in this case shows that on May 16, 2008, both petitioner's regular and release accounts had balances above $16.47, the amount of his initial partial payment.) Because it is unclear how much money, if any, petitioner has in his accounts, I will grant petitioner's motion only on the condition that: 1) sufficient funds *do not* exist in his *regular* account; and 2) sufficient funds *do* exist in his *release* account. To insure that officials at the prison business office are aware of their responsibilities addressed in this order, I am sending a copy of this order to the warden of the Oshkosh Correctional Institution.

If petitioner is not able to obtain the funds from either his regular or release account, perhaps he will be able to have a friend or family member make the payment for him. Regardless of the source of the payment, I will allow petitioner a second and final extension of time until July 23, 2008, in which to pay the initial partial payment. If, by July 23, petitioner cannot pay the assessment, I will dismiss the case without prejudice and he will not owe a filing fee. In that event, if, at some future time, enough time elapses that a six-month trust fund account statement would show that he owes a smaller payment based

on his smaller income, he would be free to file a new lawsuit.

ORDER

IT IS ORDERED that

1. Petitioner's motion for a court order directing prison officials to comply with the June 6, 2008 order (dkt. #8) is GRANTED on the condition that: 1) sufficient funds *do not* exist in his *regular* account; and 2) sufficient funds *do* exist in his *release* account.

2. Petitioner may have an enlargement of time to July 23, 2008, in which to submit a check or money order payable to the clerk of court in the amount of $16.47. If, by July 23, 2008, petitioner fails to make the initial partial payment, the clerk is directed to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 7th day of July, 2008.

BY THE COURT:

*Barbara B. Crabb*

_____
BARBARA B. CRABB
District Judge