IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DERWIN JONES,

                            ORDER

            Plaintiff,,

                          08-cv-294-bbc

     v.

SCOTT HOFTIEZER and
DAVID BURNETT,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case plaintiff was allowed to proceed in forma pauperis on his claims that defendants Scott Hoftiezer and Scott Burnett denied him necessary surgery for his hammertoe deformities and that defendant Burnett failed to insure plaintiff was provided his prescribed medicated cream in violation of the Eighth Amendment.

Now plaintiff has filed a motion for a jury trial and a motion for appointment of counsel.  At this early stage in the proceedings, I will grant plaintiff's motion for a jury trial.

In deciding whether to appoint counsel, I must first find that plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such efforts.  Jackson v. County of McLean, 953 F.2d 1070  (7th

1

Cir. 1992).  To show that he has made reasonable efforts to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers that he has asked to represent him in this case and who turned him down.  Plaintiff has not complied with this requirement.  Even if plaintiff had submitted proof that three lawyers had declined to represent him, I would deny his motion for appointment of counsel.

In resolving a motion for appointment of counsel, a district court must consider both the complexity of the case and the pro se plaintiff's ability to litigate it himself.  <u>Pruitt v. Mote,</u> 503 F.3d 647, 654-55 (7th Cir. 2007).  In his motion, plaintiff says he has limited knowledge of the law and that he requires the assistance of a lawyer because a lawyer would be able to better present the evidence at trial and cross examine witnesses.  These are not good reasons to appoint counsel because these handicaps are universal among pro se litigants.  To help plaintiff in this regard,  however, this court instructs pro se litigants at a preliminary pretrial conference, which will be scheduled as soon as defendants file a responsive pleading, about how to use discovery techniques available to all litigants so that he can gather the evidence he needs to prove his claim.  In addition, pro se litigants are provided a copy of this court's procedures for filing or opposing dispositive motions and for calling witnesses, both of which were written for the very purpose of helping pro se litigants understand how these matters work.  In sum, plaintiff's limited knowledge of the law is not a circumstance warranting appointment of counsel.

With respect to the complexity of the case, there is nothing in the record to suggest that this case is factually or legally difficult.  Plaintiff's claim is a straightforward Eighth Amendment claim that defendants were deliberately indifferent to his serious medical need.  The law governing claims of denial of medical care is straightforward and was explained to plaintiff in the order entered in this case on August 5, 2008.  Furthermore, plaintiff has personal knowledge of the circumstances surrounding his health care needs and lack of treatment and he should be able to obtain through discovery or already possess relevant documentation he needs to prove his claim.  In sum, at this time I can conceive of no reason why plaintiff cannot prosecute this claim on his own.

Plaintiff has also submitted a letter with three exhibits attached to it.  These exhibits will be returned to him because the court only accepts the filing of exhibits in support of motions or as requested by the court prior to trial.


ORDER

IT IS ORDERED that plaintiff's motion for appointment of counsel (dkt. #15) is DENIED and his motion for a jury trial (dkt. #15) is GRANTED.  Plaintiff's exhibits

3

attached to his September 2, 2008 letter (dkt. # 16) will be returned to him with this order.

Entered this 12th day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4